UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.  **CV 16-02278 PA (AFMx)**                                              Date: April 6, 2016

Title      **Tch Tching LLC v. Chanele Johnson and Does 1 to 10,**

Present: The Honorable:  PERCY ANDERSON, U.S. DISTRICT JUDGE

| Stephen Montes Kerr | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers)      **ORDER REMANDING MATTER TO STATE COURT**

On March 4, 2016, Tch Tching LLC ("Plaintiff") instituted unlawful detainer proceedings against Chanele Johnson and Does 1 to 10 ("Defendant") in state court.  Defendant has allegedly continued in unlawful possession of the property located at 3956-1/2 Halldale Avenue, Los Angeles, CA 90062 (the "Property") that is owned by Plaintiff.  At the time of the 3-day notice to quit, the rent due by Defendant was allegedly $5,930.00.   Plaintiff estimates the fair rental value of the property as $73.33 per day.  Defendant's tenancy is subject to the Los Angeles Housing Authority Section 8 Program.  Plaintiff filed its unlawful detainer complaint in state court after Defendant failed to comply with the notice to quit.  Defendant filed an Answer in state court.  Defendant removed the action to this Court on April 4, 2016.  Defendant asserts federal question jurisdiction in this Court: "Federal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law."  (Notice of Removal, ¶ 10.)  Diversity jurisdiction is not alleged

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further a "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 16-02278  PA (AFMx)**                                              Date:  April 6, 2016

Title          **Tch Tching LLC v. Chanele Johnson and Does 1 to 10,**

      Subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim.  There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law.  *See Caterpillar, Inc.*, 482 U.S. at 392-93.  This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

      Moreover, the notice of removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332.  The amount demanded on the face of the Complaint is alleged not to exceed $10,000 -- well below the statutory threshold of $75,000.  The Complaint specifically asserts a claim for past due rent of $5,930.00, plus ongoing damages at a rate of $73.33 per day.  Defendant has made no plausible allegations showing how those damages would exceed $75,000.

      The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc:  Pro Se Defendant

                                                                                                                         :
                                                                   **Initials of Preparer**          SMO